UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LUIS GARCIA on behalf of himself and others
similarly situated,

                            Plaintiff,                  ORDER
                                               CV 17-3130 (JMA)(ARL)

        -against-

SBKU SERVICES INC. doing business as Kumo
Sushi & Steakhouse, TONY LAM, BOBBY LAM, and
JANE DOE

                            Defendants.
-----------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the Court, on referral from District Judge Azrack, is the motion by the plaintiff,

Luis Garcia ("Garcia"), seeking (1) to conditionally certify a collective action pursuant to

Section 216(b) of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 et seq.,

(2) to compel the defendants, SBKU Services Inc. doing business as Kumo Sushi & Steakhouse

("Kumo"), Tony Lam ("T. Lam"), Bobby Lam ("B. Lam") (collectively "the defendants"), to

furnish the names, last known addresses, and telephone numbers for all non-managerial

employees employed by the defendants during the collective period, and (3) to authorize Garcia

to circulate a notice of pendency and consent to join form to all potential collective action

members. For the reasons that follow, the plaintiff's motion is denied with leave to renew.

## BACKGROUND

       The following facts are taken from the complaint and the declarations submitted by the

plaintiff. The defendant Kumo is a domestic corporation with a principal place of business at

2548 Nesconset Highway, Stony Brook, New York. Compl. ¶ 6. The defendants T. and B. Lam

are joint owners of Kumo. *Id.* ¶ 7. Garcia was employed as a busboy at Kumo for six months

1

from October 2016 to April 16, 2017. Garcia Decl. ¶¶ 3-4. According to the complaint, Garcia

frequently worked over forty hours per week without overtime compensation. Compl. ¶ 26.

Specifically, Garcia avers that throughout his employment, he worked 58 ½ hours per week. *Id.*

¶ 30. His work schedule consisted of ten and one-half hours days on Tuesday through Thursday

from 11:00 a.m. until 9:30 p.m., a twelve hour day on Friday from 11:00 a.m. until 11:00 p.m.,

an eleven hour day on Saturday from 12:00 p.m. until 11:00 p.m., and a nine hour day on Sunday

from 12:00 p.m. until 9:00 p.m. *Id.* ¶ 27; Garcia Decl. ¶ 5. Garcia contends that while he was

given a break from 3:00 p.m. to 4:15 p.m. Tuesday through Friday, but that he never received a

break on Saturday or Sunday. *Id.* ¶¶ 28-9.

      Garcia also claims that throughout the term of his employment, he was not paid proper

minimum wages. *Id.* ¶ 31. By way of example, in October 2016, Garcia was paid $76.92 per

day or $461.52 per week. Garcia Decl. ¶ 9. From November to December 2016, Garcia was

paid $78.85 per day or $473.10 per week. *Id.* ¶ 10. Beginning in January 2017, and continuing

through February 2017, Garcia was paid at the rate of $80.77 per day, or $484.62 per week

straight time for all hours worked, and from March to April 2017, Garcia was paid $82.69 per

day, or $496.14 per week. *Id.* ¶¶ 33-4. Garcia contends that he never received the statutory rate

of time for the work he performed above forty hours per week, nor was he advised of his

entitlement to a tip credit. *Id.*; Garcia Decl. ¶¶ 13-5. Moreover, Garcia contends that the

defendants operated their business with a policy of not paying him and other similarly situated

employees a "spread of hours" premium for each day that they worked a shift in excess of ten

hours. Compl. ¶ 38.

      Garcia commenced this action on May 24, 2017, alleging violations of the FLSA and

New York Labor Law on behalf of himself and other similarly situated current and former non-

exempt employees. ECF No. 1. Garcia claims in the complaint that the class is so numerous that joinder of all members is impractical. Accordingly, Garcia now seeks conditional class certification and court-authorized notice pursuant to Section 216(b) of the FLSA to all cooks, waiters/waitresses, kitchen helpers/food preparers, cashiers, busboys, dishwashers, porters/cleaners, stock persons, food delivery workers, and other similarly situated non-managerial workers who worked at Kumo from May 24, 2014 to the present. *Id.* The defendants oppose the request in its entirety. The Court turns to the applicable standards for collective certification.

## DISCUSSION

The FLSA provides a private right of action to recover unpaid prevailing minimum wages and/or overtime compensation and liquidated damages from an employer who violates the Act's provisions. See 29 U.S.C. § 216(b). Pursuant to the FLSA, employees may maintain a collective action to recover unpaid wages where the employees are "similarly situated" and give consent to become a party in writing to the court. 29 U.S.C. § 216(b); see *Francis v. A&E Stores, Inc.*, No. 06 Civ. 1638, 2008 WL 2588851, at *1 (S.D.N.Y. June 26, 2008), *Report and Recommendation adopted as modified by*, 2008 WL 4619858 (S.D.N.Y. Oct. 15, 2008). "District courts have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Klimchak v. Cardrona, Inc.*, No. 09 Civ. 4311, 2011 WL 1120463, at *4 (E.D.N.Y. Mar. 24, 2011) (internal quotation marks and citations omitted).

In FLSA collective actions, courts typically undertake a two-step method of certification. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). At the first stage (known as the conditional certification stage), "the court examines pleadings and affidavits, and if the court

3

finds that proposed class members are similarly situated, the class is conditionally certified; potential class members are then notified and given an opportunity to opt-in to the action." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007); *see Myers*, 624 F.3d at 554-55. The second stage (known as the decertification stage) occurs after completion of discovery, when the court "examines the record and again makes a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims." *Francis*, 2008 WL 2588851, at *1 (internal quotation marks and citation omitted); *see Myers*, 624 F.3d at 555 at n.10.

In the instant matter, the plaintiff's motion implicates the first stage of the certification process. "To satisfy [his] burden at this first step and achieve 'conditional certification,' [Garcia] must make only a 'modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Amador v. Morgan Stanley & Co. LLC*, No. 11- CV-4326, 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (quoting Myers, 624 F.3d at 555). That is, "[t]he court must find some identifiable factual nexus which binds [Garcia] and potential class members together as victims of particular illegal practices." *Zheng v. Good Fortune Supermarket Group (USA), Inc.*, No. 13-CV-60, 2013 WL 5132023, at *4 (E.D.N.Y. Sept. 12, 2013) (internal quotation marks and citations omitted). "Although the plaintiff's burden at this initial stage is not onerous, mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Prizmic v. Armour, Inc.*, No. 05- CV-2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (internal quotation marks and citations omitted); *see also Jin Yun Zheng*, 2013 WL 5132023, at *4 ("Plaintiffs must make a factual showing; mere

4

allegations in the complaint are not sufficient") (internal quotation marks and citations omitted). Thus, "[a] plaintiff must provide actual evidence of a factual nexus between his [or her] situation and those [he or she] claims are similarly situated rather than mere conclusory allegations," *Prizmic,* 2006 WL 1662614, at *2 (citations omitted), and "may satisfy this requirement by relying on [his or her] own pleadings, affidavits, declarations or the affidavits and declarations of other potential class members," *Hallissey v. Am. Online, Inc.,* No. 99 Civ. 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008).

"[C]ourts in the Second Circuit routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits. *See Kemper v. Westbury Operating Corp.,* No. 12-CV-0895, 2012 WL 4976122, at *2 (E.D.N.Y. Oct. 17, 2012) (granting conditional certification for overtime claims based on affidavit of the named plaintiff); *Cano v. Four M. Food Corp.,* 08-CV-3005, 2009 WL 5710143, at *6 (E.D.N.Y. Feb. 3, 2009) (granting conditional certification, finding that sworn statements from the plaintiffs "set[ ] forth defendants' common denial of overtime pay, the named plaintiffs' personal knowledge of and the names of other co-workers who were allegedly subject to the same denial of overtime pay."); *Iriarte v. Redwood Deli & Catering, Inc.,* No. 07-cv-5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008) (granting certification on the basis of plaintiff's one affidavit). In this case, however, the Court finds that the plaintiff has failed to satisfy even the "modest factual showing" necessary to demonstrate that he and the cooks, waiters/waitresses, kitchen helpers/food preparers, cashiers, busboys, dishwashers, porters/cleaners, stock persons, food delivery workers together "were victims of a common policy or plan that violated the law" with respect to overtime and minimum wages. *Callari v. Blackman Plumbing Supply, Inc.,* 307 F.R.D. 67, 74 (E.D.N.Y. 2015) (citation and internal quotation marks omitted). Indeed, while Garcia provided the Court with a

declaration wherein he claims to have spoken to several former co-workers who were not being paid minimum wage and overtime compensation, he was only able to identify one former worker by his first name, a busboy.  Garcia Decl. ¶ 17.  And, even in that case, he is unable to provide specific details concerning the conversation.  Moreover, although Garcia maintains that many former workers were not paid minimum wages and overtime, he avers that he cannot recall or spell his colleagues names because they are of Asian descent.  Instead, he simply points to one coworker, a sushi chef, who he believes has filed his own FLSA action.  *Id.* ¶ 22.  Accordingly, the Court is unable to certify the action as proposed.  The motion is, therefore, denied with leave to renew.

Dated:  Central Islip, New York
November 16, 2017

**SO ORDERED**

/s/
ARLENE R. LINDSAY
United States Magistrate Judge