UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LUIS GARCIA, on behalf of himself and others similarly situated,

        Plaintiff,

 -against-

SBKU SERVICES INC. d/b/a KUMO SUSHI & STEAKHOUSE, TONY LAM, BOBBY LAM, and JANE DOE,

        Defendants.
-----------------------------------------------------------------X

Case No. 17-CV-3130 (JMA) (ARL)

## SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Luis Garcia (hereinafter referred to as "Plaintiff" or "Releasor"), and SBKU Services Inc., and each of its parent companies and any of their subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, as well as Tony Lam and Bobby Lam (hereinafter collectively referred to as the "Defendants" or "Releasees") (Plaintiff and the Defendants are referred to herein as the "Parties").

WHEREAS, on May 24, 2017, Plaintiff filed suit for damages titled *Luis Garcia, on behalf of himself and others similarly situated v. SBKU Services Inc., et al.*, in the United States District Court for the Eastern District of New York, Civil Action No. 17-CV-3130 (JMA) (ARL) (hereinafter referred to as the "Action"), alleging claims for, *inter alia*, unpaid minimum wages and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in the Action and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the Action and to resolve fully all wage and hour disputes between them without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

### A. Consideration

1. In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Twenty Thousand Dollars ($20,000.00) (the "Settlement Sum"), which shall be paid in full within ten (10) days of the Court approving the Agreement as fair and reasonable and dimissing the Action with prejudice.

2. The Settlement Sum shall be paid to Plaintiff in exchange for Plaintiff's release of his wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, expenses and costs, or other relief.

3. It is expressly agreed and understood by and between the Parties that the Settlement Sum does not encompass Plaintiff's claims for attorneys' fees, which will ultimately be decided upon by the Court after submission of Plaintiff's petition regarding same.

4.  Payment of the Settlement Sum shall be made payable to "Luis Garcia,"," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 10 Grand Central, 155 East 44th Street, 6th Floor, New York, New York 10017, so as to be <u>received</u> within the timeframe indicated above.

5.  The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the Settlement Sum received by Plaintiff, Plaintiff shall be solely and completely responsible for his taxes, interest or penalties. Plaintiff understands and agrees that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement.

6.  Plaintiff agrees to indemnify the Defendants and to hold the Defendants harmless for Plaintiff's share of taxes, penalties and interest, withholdings or otherwise, as a consequence of the monies paid to Plaintiff pursuant to this Agreement.

B.  **Penalty For Late Payment**

In the event that the Defendants fail to pay the Settlement Sum in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiff shall provide notice of the default by facsimile and email to counsel for the Defendants: John Ruggiero, Esq., Canfield-Ruggiero, LLP, 1461 Franklin Avenue, Garden City, New York 11530, Facsimile: (516) 294-4188, jruggiero@canfield-ruggiero.com. The Settling Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of $5,000.00. Plaintiff shall have the right to enforce immediate payment of all unpaid portions of the Agreement, including having judgment entered against the Defendants, jointly and severally, and to recover

reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

### C. Release by Plaintiff

1. In consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges the Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour claims including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the Defendants and any other compensation or wages.

### D. Agreement To Refrain From Filing Claims

Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Action released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

E.  **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The Parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

F.  **Representations and Acknowledgements**

1. Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorneys and the attorneys for the Defendants. Plaintiff further represents that:

    (a) He has reviewed each and every provision of this Agreement;

    (b) The Agreement has been explained to him by his attorneys; and

    (c) That he does in fact fully understand this Agreement, including the release of claims.

2. Plaintiff also represents that he voluntarily and knowingly enters into this Agreement of his own free will.

3. Plaintiff further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

5

### G. Non-Admissions

1. Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### H. Attorneys' Fees and Costs

Plaintiff shall file a separate petition with the Court requesting the recovery of attorneys' fees and costs.

I. **Complete Agreement**

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

J. **Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Eastern District of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Luis Garcia

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK  )

On the 26th day of February 2020, before me personally came Luis Garcia to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 26th
day of February 2020

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2018 23

[Remainder of Page Intentionally Left Blank]

By: _____
Tony Lam

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NASSAU    )

On the 21 day of February 2020, before me personally came Tony Lam to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this
day of February 2020

_____
Notary Public

[Notary stamp: JOHN P RUGGIERO, Notary Public, State of New York, No. C___, Qualified in ___ County, Commission Expires June 21, 2018]

By: _____
Robert ("Bobby") Lam

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NASSAU    )

On the 21 day of February 2020, before me personally came Robert ("Bobby") Lam to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this
day of February 2020

_____
Notary Public

[Notary stamp: JOHN P RUGGIERO, Notary Public, State of New York, ...2018]

[Notary stamp: JOHN P RUGGIERO, Notary Public, State of New York, No. 02RU___, Qualified in ___ County, Commission Expires June 21, 2018]

9

SBKU Services Inc.

By: _____

_Tony Lam  Authorized Rep._
[Print Name and Title]

[Remainder of Page Intentionally Left Blank]