UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LUIS GARCIA, on behalf of himself and others similarly situated,

                              Plaintiff,

  -against-

SBKU SERVICES INC. d/b/a KUMO SUSHI & STEAKHOUSE, TONY LAM, BOBBY LAM, and JANE DOE,

                            Defendants.
----------------------------------------------------------------X

Case No. 17-CV-3130
(JMA) (ARL)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECOVERY OF AWARD OF REASONABLE ATTORNEYS' FEES**

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102

## **PRELIMINARY STATEMENT**

Plaintiff, Raul Garcia ("Plaintiff"), respectfully submits this memorandum of law in support of his application for attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and New York Labor Law §§ 198(1-a) and 663(1) ("NYLL").

On February 5, 2020, Plaintiff and defendants SBKU Service Inc., Tony Lam, and Bobby Lam (collectively, the "Defendants") after almost three (3) years of litigation and virtually on the eve of trial agreed to settle Plaintiff's wage and hour claims for a total of $20,000.00, the terms of which were memorialized in a written agreement and submitted to the Court for review and approval on February 28, 2020 (the "Settlement Agreement"). The Settlement Agreement expressly provides that the settlement only relates to Plaintiff's claims for unpaid wages, exclusive of Plaintiffs' attorneys' fees and costs. It additionally provides that Plaintiff would be filing a separate application for recovery of his attorneys' fees and costs associated with this matter.

Plaintiff has provided detailed contemporaneous records of the time spent by counsel in connection with this case. In this application, Plaintiff seeks an award of $54,030.00 in attorneys' fees to compensate Plaintiff's attorneys for their efforts from the inception of this case through March 20, 2020, the date on which this application for fees was completed, but reserves the right to seek, at an appropriate future time, an additional award of attorneys' fees and costs incurred from on and after March 20, 2020 in responding to any further motions and/or any appeal. Plaintiff also seeks an award of $1,777.10 in costs reasonably expended by Plaintiff's attorneys in the prosecution of this case.

## ARGUMENT

### POINT I

### PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS

Both the FLSA and NYLL allow a prevailing plaintiff to recover an award of reasonable attorneys' fees and costs from the defendant. In an action brought pursuant to the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, the NYLL provides that "[i]n any action…in which the employee prevails, the court shall allow such employee reasonable attorneys' fees." NYLL § 198(1-a) 663(1).

An award of attorneys' fees and costs incurred by a prevailing plaintiff is mandatory under both the FLSA and NYLL. *See Soler v. G&U, Inc.*, 658 F. Supp. 1093, 1097 (S.D.N.Y. 1987) ("[T]he Court notes that [the FLSA's] provision for the award of attorneys' fees is not *permissive* but *mandatory*") (emphasis in original); *see also Cao v. Wu Liang Ye Lexington Restaurant, Inc.*, No. 08 Civ. 3725, 2010 U.S. Dist. LEXIS 109373 at *22-23 (S.D.N.Y. Sept. 30, 2010). The Court has discretion only as to determining the size of the award. *See Hagelthorn v. Kennecott Corp.*, 710 F. 2d 76, 86 (2d Cir. 1983).

In an FLSA case, a plaintiff "prevails if he 'succeed[s] on any significant issue in the litigation which achieves some of the benefit…sought in bringing suit.'" *Velasquez v. Digital Page, Inc.*, 124 F. Supp. 3d 201, 203 (E.D.N.Y. 2015) (*quoting Hensely v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)). Thus, "[w]here plaintiffs obtain a favorable settlement in an action brought pursuant to the

2

FLSA, they constitute prevailing parties and are entitled to attorneys' fees. *Larrera v. FPC Coffees Realty Co.*, No. 15 Civ. 1515, 2017 U.S. Dist. LEXIS 69166, at *13 (S.D.N.Y. May 5, 2017) (citation and internal quotation marks omitted); *see Samborski v. Linear Abatement Corp.*, No. 96 Civ. 1405, 1999 U.S. Dist. LEXIS 14571, at *2 (S.D.N.Y. Sept. 22, 1999) (settling plaintiffs are prevailing parties entitled to attorneys' fees and costs).

## POINT II

### PLAINTIFF'S ATTORNEYS' FEES MEET THE "PRESUMPTIVELY REASONABLE" TEST

A.  Legal Standard for Attorneys' Fees Awards

In determining a reasonable attorneys' fee award, both the Supreme Court and the Second Circuit have held that "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro N. R.R. Co.*, 658 F. 3d 154, 166 (2d Cir. 2011) (*quoting Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F. 3d 182, 183 (2d Cir. 2008)). The presumptively reasonable fee is "what a reasonable, paying client would be willing to pay." *Arbor Hill, supra*, at 190. This "initial estimate" is calculated by multiplying "the number of hours reasonably expended on the litigation…by a reasonable hourly rate." *Kirsch v. Fleet Street, Ltd.*, 148 F. 3d 149, 172 (2d Cir. 1998) (*quoting Hensely, supra*, 461 U.S. at 433). Ultimately, "[t]he reasonableness of an attorney's requested fee is a matter within the district court's discretion." *Bond v. Welpak Corp.*, No. 15 Civ. 2403, 2017 U.S. Dist. LEXIS 158272, at *9 (E.D.N.Y. Sept. 26, 2017), *appeal dismissed* (Apr. 8, 2018).

In exercising its discretion, the Court must consider "*all* of the case-specific variables that…courts have considered relevant," including [t]he reasonable hourly rate…a paying client would be willing to pay," "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill, supra*, 522 F. 3d at 190 (emphasis in original).

Such case-specific variables may include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989) (declining to limit fees award to amount stipulated in attorney-client agreement); *see also Jin v. Pacific Buffet House, Inc.*, No. 06 Civ. 579, 2010 U.S. Dist. LEXIS 63608 at *3-4 (E.D.N.Y. June 25, 2010); *Kahlil, supra*, 657 F. Supp. 2d 470 (S.D.N.Y. 2009).

"Following the determination of the presumptively reasonable fee, the Court must then consider whether an upward or downward adjustment of the fee is warranted based on factors such as the extent of plaintiff's success in the litigation." *Robinson v. City of New York*, No. 05 Civ. 9545, 2009 U.S. Dist. LEXIS 89981, at *7 (S.D.N.Y. Sept. 29,

2009). While a court may adjust the presumptively reasonable fee amount, there remains "[a] strong presumption that [this initial calculation]…represents a 'reasonable' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986).

      B.    The Hourly Rates Requested by Plaintiff's Attorneys Are Reasonable and Should be Granted in Full

For purposes of the lodestar, "[a] reasonable rate is the rate that a reasonable, paying client would be willing to pay." *Barrella v. Village of Freeport*, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). Courts in the Second Circuit adhere to the forum rule, "which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013) (*citing Simmons v. N.Y. City Transit Auth.*, 575 F. 3d 170, 176 (2d Cir. 2009)). "Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300-$450 for partners…." *Pocius v. Sec. Auto Sales Inc.*, No. 16 Civ. 400, 2018 U.S. Dist. LEXIS 113761, at *8 (E.D.N.Y. July 6, 2018) (*quoting Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014)).

The hourly rates requested by Plaintiff's attorneys are reasonable and appropriate for this case. Plaintiffs' claim for fees is the product of a reasonable number of hours expended multiplied by an appropriate hourly rate in light of the duration of this case as well as the experience and knowledge of employment law issues possessed by Plaintiff's counsel. Plaintiff's attorney, Justin Cilenti, has over twenty-three (23) years of litigation experience, with almost half of those years dedicated to employment matters and wage and hour litigation. Courts in this district regularly award counsel with such experience

5

$300 to $450 per hour in fees. *See Thomas v. City of New York*, No. 14 Civ. 7513, 2017 U.S. Dist. LEXIS 199235, at *12-13 (E.D.N.Y. Dec. 1, 2017) ("An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District"); *Hall v. ProSource Techs., LLC*, No. 14 Civ. 2502, 2016 U.S. Dist. LEXIS 53791 at *38-39 (E.D.N.Y. Apr. 11, 2016) (finding that partner with twelve years of experience in litigating FLSA and NYLL wage and hour lawsuits should be awarded an hourly rate of $450). Additionally, Plaintiff's counsel's rate of $400 per hour has routinely been approved by courts in this district. *See Chirix, et al. v. Lupe's East L.A. Kitchen, Inc., et al.*, No. 18 Civ. 819 (DCF) (S.D.N.Y. July 19, 2019); *Castaneda, et al. v. Natural Crop Inc., et al.*, No. 17 Civ. 4258 (PK) (E.D.N.Y. Jan. 8, 2019); *Garcia, et al. v. Good For Life by 81 Inc., et al.*, No. 17 Civ. 7228 (BCM) (S.D.N.Y. July 12, 2018); *Rescalvo v. BTB Events & Celebrations Inc.*, No. 16 Civ. 7647 (PAE) (S.D.N.Y. Jan. 24, 2018); *Gonzalez, et al. v. Crosstown Diner Corp., et al.;* No. 16 Civ. 2544 (BCM) (S.D.N.Y. 2017); *Sierra v. Skyline Gourmet Deli*, No. 15 Civ. 3319 (SN) (S.D.N.Y. 2016); *Romero v. Lu Woodside Mini Mall, Inc.*, No. 15 Civ. 5030 (PK) (E.D.N.Y. 2016); *Catalan, et al. v. H&H Kim Corp., et al.*, No. 15 Civ. 7443 (DCF) (S.D.N.Y. 2016).

What is more, Plaintiff was successful on each of the claims brought in his Complaint, which alleged causes of action against the Defendants for failure to pay proper minimum wages and overtime compensation under both state and federal law. After almost three (3) years of litigation, the parties settled for a sum that not only compensates Plaintiff fully for his underlying unpaid wages, but also for virtually all of his liquidated damages, as well as for the statutory damages for the Defendants' failure to

provide wage statements and wage notices. As such, Plaintiff settled for virtually full value of his claims without having to reduce his award for purposes of paying his attorneys. Thus, Plaintiff satisfied "the most important factor determining a reasonable fee – the degree of success obtained by plaintiff." *Kontis v. Valley Stream Central High School District*, No. 08-cv-4351, 2009 U.S. Dist. LEXIS 23486, at *2 (2d Cir. Oct. 26, 2009) (citations omitted).

"[A]n attorney's customary rate is a significant factor in determining a reasonable rate." *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 369 (S.D.N.Y. 2005). In this application, Plaintiff seek compensation for their attorney's time at counsel's customary rate of $400 per hour for all work done from the inception of this case through the date of this application, which are rates well within the range of hourly rates charged for persons of comparable skill and experience in the Eastern and Southern Districts, and the regular hourly rates paid by clients of Cilenti & Cooper, PLLC.

Meanwhile, the paraprofessional fees of Tatiana Cevallos and Marcela Cardoso should also be approved. Ms. Cevallos and Ms. Cardoso performed paralegal duties in connection with this case. They reviewed and analyzed Plaintiff's claims, attended certain meetings and teleconferences, and assisted in preparing for trial. Ms. Cevallos and Ms. Cardoso's hourly rate of $100 is certainly within the range found to be reasonable in this district. *See, e.g., Ferrara v. All-Around Trucking Inc.*, No. 10 Civ. 5845, 2011 U.S. Dist. LEXIS 151381, at *19-20 (E.D.N.Y. Nov. 8, 2011) (finding that $90 per hour is reasonable for a paralegal); *Ferrara v. Stallone Testing Labs, Inc.*, No. 10 Civ. 901, 2010 U.S. Dist. LEXIS 101256, at *26-27 (E.D.N.Y. Aug. 5, 2011) (same).

Plaintiff's attorneys have submitted their contemporaneous time records for the Court's review and consideration, and respectfully request that the Court find that all attorney and paralegal hourly rates be considered reasonable under the circumstances.

C.     <u>The Number of Hours Billed Are Reasonable and Should Not Be Reduced</u>

After determining appropriate hourly rates, courts must calculate the reasonable number of hours billed in order to determine the presumptively reasonable fee. *See Arbor Hill, supra*, 522 F. 3d at 189-90. As with the determination of a reasonable rate, the Court must look to the "contemporaneous time records...[that] specify, for each attorney, the date, the hours expended, and the nature of the work done," *New York State Ass'n for Retarded Children v. Carey*, 711 F. 2d 1136, 1148 (2d Cir. 1983), and "its own familiarity with the case...and its experience generally." *Clark v. Frank*, 960 F. 2d 1146, 1153 (2d Cir. 1992) (*quoting Di Filippo v. Morizio*, 759 F. 2d 231, 236 (2d Cir. 1985)). Courts may also exclude "excessive, redundant or otherwise unnecessary hours" from the calculation, or make an across-the-board reduction for such work. *See Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *Luciano v. Olsten Corp.*, 109 F. 3d 111, 117 (2d Cir. 1997). The hours analysis turns not on what appears necessary in hindsight, but on whether "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F. 2d 96, 99 (2d Cir. 1992).

Here, Plaintiff has submitted contemporaneous itemized billing records, which include the date, the nature of the work performed, and the amount of time spent on each task. As evidenced by the contemporaneous time records, this case was reasonably staffed: the matter was handled entirely by one attorney – Justin Cilenti – and by one

paralegal at a time – Ms. Cevallos, and after Ms. Cevallos's departure from the firm, by Ms. Cardoso. *See Orchano v. Advanced Recovery, Inc.*, 107 F. 3d 94, 98 (2d Cir. 1997) (courts must "determine the number of hours reasonably spent on the litigation and…exclude the hours that were excessive, redundant, or otherwise unnecessary due to, for example, overstaff[ing]") (*quoting Hensley, supra*, 461 U.S. at 434); *see also In re Agent Orange Product Liability Litigation*, 818 F. 2d 226, 237 ("[i]n determining which hours were beneficial, we note that there are no hard-and-fast rules, but that ample authority supports reduction in the loadstar figure for overstaffing as well as for other forms of duplicative or inefficient work") (*quoting Seigal v. Merrick*, 619 F. 2d 160, 164 n.9 (2d Cir. 1980)).

The billing records submitted herewith more than sufficiently identify the "general subject matter" of the work performed by Plaintiff's attorneys. *See Hensley, supra*, 461 U.S. at 437, n.12. This case involved work over the course of almost three (3) years, virtually on the eve of trial. Nothing in the billing records suggests that Plaintiff's attorneys or paralegals spent more time than necessary on this matter, or performed work that was excessive, redundant, or otherwise unnecessary to the litigation.

D.  The Costs Requested by Plaintiff Are Reasonable

As to costs, courts may award "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis*, No. 08 Civ. 9681, 2015 U.S. Dist. LEXIS 36744, at *13 (S.D.N.Y. Mar. 23, 2015) (*quoting LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)), *aff'd*, 628 F. App'x 787 (2d Cir. 2015). Both the FLSA and NYLL also expressly allow a prevailing plaintiff to be

compensated for the costs of the lawsuit, in addition to attorneys' fees. *See* 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1).

Plaintiff's request for a total of $1,777.10 for costs is reasonable and should be awarded. Plaintiff's costs, which consist of filing fees, process service fees, photocopies, deposition costs, and postage are recoverable. *See Luongo v. 44-37 Rest. Corp.*, No. 13 Civ. 7420, 2017 U.S. Dist. LEXIS 209391, at *9-10 (E.D.N.Y. Dec. 19, 2017) (*citing Weng v. Fancy Lee Sushi Bar & Grill, Inc.*, No. 15 Civ. 5737, 2017 U.S. Dist. LEXIS 183657, at *8-9 (E.D.N.Y. Nov. 3, 2017) ("Court filing fees, process servers, printing and photocopying, messenger services, postage, telephone costs, transcripts, travel, transportation, meals and other '[o]ut of pocket litigation costs are generally recoverable if they are necessary to the representation of the client'" (*quoting AW Indus., Inc. v. Sleep Well Mattress, Inc.*, No. 07 Civ. 3969 (JMA), 2009 U.S. Dist. LEXIS 123343, at *18 (E.D.N.Y. Jan. 30, 2009)).

Here, the final bill of costs for which Plaintiff seeks reimbursement is based on a careful entry-by-entry review of the charges and disbursements incurred in this case. Because Plaintiff's costs request is well documented and reasonable, it should be granted in full.

E. <u>Plaintiff Is Entitled to Attorneys' Fees Relating to This Application</u>

Time reasonably spent on preparing this fee application is also recoverable. *See Reed v. A.W. Lawrence & Co.*, 95 F. 3d 1170, 1183 (2d Cir. 1996) ("attorneys' fees for the preparation of the fee application are compensable"); *Luongo, supra*, 2017 U.S. Dist. LEXIS 209391, at *10 (awarding prevailing plaintiff attorneys' fees for time spent preparing motion for attorneys' fees).

F. <u>Proper for Fee Award to be Greater Than Plaintiff's Recovery</u>

It is well settled that it is perfectly appropriate for the amount of counsel's potential fee award to be greater than Plaintiff's recovery of unpaid wages. "In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiff recovers, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011); see also *Fisher v. SD Prot. Inc.*, No. 18 Civ. 2504, 2020 U.S. App. LEXIS 3295, at *14-19 (2d Cir. Feb. 4, 2020).

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that the Court grant judgment in favor of Plaintiff's attorneys for all fess and costs associated with this action.

Dated: New York, New York
March 20, 2020

           Respectfully submitted,

           CILENTI & COOPER, PLLC
           *Attorneys for Plaintiff*
           10 Grand Central
           155 East 44th Street – 6th Floor
           New York, New York 10017
           T. (212) 209-3933
           F. (212) 209-7102

By: _____
      Justin Cilenti