```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LUIS GARCIA on behalf of himself and others
similarly situated,

                    Plaintiffs,                     REPORT AND
                                                    RECOMMENDATION
          -against-                                 CV 17-3130 (JMA) (ARL)

SBKU SERVICES INC. doing business as
Kumo Sushi & Steakhouse, TONY LAM, BOBBY
LAM and JANE DOE,

                    Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Before the Court is the motion of the plaintiff, Luis Garcia ("Garcia"), for an award of attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and New York Labor Law §§ 198(1-a) and 663(1) ("NYLL"). For the reasons set forth below, the Court respectfully recommends that the plaintiff be awarded $35,119.50 in attorneys' fees and $1,777.10 in costs conditional on the approval and entry of the proposed settlement.

## BACKGROUND

Garcia commenced this putative collective action against the defendants, SBKU Service Inc., Tony Lam and Bobby Lam (collectively, the "defendants"), on May 24, 2017, alleging that the defendants failed to pay him and other potential class members proper minimum wages and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 et seq. ("NYLL"). On October 25, 2018, the Court granted Garcia's motion to permit the action to proceed as a collective action for all waiters, waitresses and busboys employed at Kumo between January 2016 and April 2017. Thereafter, the Court received one notice of consent to opt-in as a plaintiff from Jingmin Chen. ECF No. 31.

Approximately one year later, on the eve of trial, the parties agreed to settle the plaintiff's wage and hour claims for a total of $20,000.00, the terms of which were memorialized in a written agreement submitted to District Judge Azrack for review and approval (the "Settlement Agreement"). The Settlement Agreement, which remains *sub judice*, appears to relate only to Garcia and expressly provides that the settlement is exclusive of attorneys' fees and costs. On or about the same time, the plaintiff filed the instant motion for an award of attorneys' fees, which was not fully briefed until June 25, 2020. The motion was then referred to the undersigned by District Judge Azrack on December 11, 2020.

## DISCUSSION

As a threshold matter, the Court notes that this report is premised on the undersigned's presumption that District Judge Azrack will approve the parties' settlement under *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), and thus, Garcia will be a prevailing party at the time this report is considered. *Callari v. Blackman Plumbing Supply, Inc*., No. CV 11 3655 ADS AKT, 2020 WL 2771008, at *7 (E.D.N.Y. May 4, 2020), report and recommendation adopted, No. 11 CV 3655 ADS AKT, 2020 WL 2769266 (E.D.N.Y. May 28, 2020) (where "plaintiffs "obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties"). Both the FLSA and the NYLL provide for a mandatory award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). "Attorneys' fees and costs in FLSA actions generally arise in three contexts: (1) fee applications following a ruling in favor of plaintiff, (2) fee applications following a settlement where the settlement agreement reserves the questions of fees and costs for the court to decide, and (3) settlements incorporating attorneys' fees and costs into the settlement amount." *Fisher v. SD Prot. Inc*., 948 F.3d 593, 600–01 (2d Cir. 2020) (interim citations omitted). This case involves

2

the second scenario.

The Second Circuit has made clear that "[n]either the text nor the purpose of the FLSA, . . . supports imposing a proportionality limit on recoverable attorneys' fees." *Fisher.,* 948 F.3d at 603 ("A proportionality rule would also be inconsistent with the remedial goals of the FLSA, which we have deemed a 'uniquely protective statute.'"). As such, in determining appropriate attorneys' fees, the "starting point" for calculating a "'presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee'") (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court held that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. Ex rel. Winn.,* 559 U.S. 542, 551 (2010) (emphasis in original). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee." *Id.* at 553 (citation omitted); *see Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 184, 190-91 (holding a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 190. The reasonableness of hourly rates are guided by the

market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits," *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, *see Scott v. City of New York,* 643 F.3d 56, 57 (2d Cir. 2011).

In the present case, Garcia retained the services of Cilenti & Cooper ("C&C"), who avers that between April 17, 2017 and March 20, 2020, it expended 159.1 hours on this case, amounting to legal services totaling $54,030.00. Cilenti Decl. ¶ 18. C&C's work was performed by Justin Cilenti, who has 23 years of experience handling wage and hours case and billed at $400 per hour, and two paraprofessionals/legal assistants, Tatiana Cevallos and Marcela Cardoso, who billed at $100 per hour. *Id.* ¶¶ 11-17. C&C also avers that it incurred costs on the plaintiff's behalf in the amount of $1,777.10. To support the request for attorneys' fees and costs, Garcia has submitted the Declaration of Justin Cilenti ("Cilenti") along with contemporaneous billing records. *Id.* ¶¶ 19-20.

The defendants do not take issue with the hourly rate charge by Cilenti or the paraprofessionals, which the Court agrees are in line with those ordinarily awarded in this district. *See e.g., Callari,* 2020 WL 2771008, at *9 (In the Eastern District of New York, prevailing rates range from $300 to $400 per hour for experienced attorneys.); *Perez v. Pino Grocery Corp.*, 17-CV-2965 (RRM), 2018 U.S. Dist. LEXIS 64952 (E.D.N.Y. Apr. 16, 2018) ("Recent cases have held that reasonable hourly rates for partners in wage and hour cases in this District typically

4

range from $300 to $400"). However, the defendants vigorously argue that the hours expended by counsel were unreasonable. Specifically, the defendants contend that Garcia is seeking an "outlandish sum" considering that the entire discovery process consisted of two remote depositions that lasted two hours in total and the exchange of eight pieces of paper. The defendants also note that there were no in-person conferences and Garcia was employed as a busboy for all of six months. Indeed, the defendants suggest that "[t]his was about the most basic and straightforward FLSA litigation that one could experience." The defendants have also highlighted several entries in the billing records that they suggest warrant an across the board reduction by the Court (2.4 hours to research corporate structure; $1,480 to request and review FOIL documents; 3.9 hours or $1,600 to prepare the complaint, 25 minutes to e-file affidavits on ECF; 30 minutes to draft a letter to request appearance by telephone; 9.4 hours to prepare for two hours of depositions). Finally, the defendants argue that they should not be required to reimburse the plaintiff for the first motion for conditional certification that was filed prematurely.

Although the plaintiff's counsel argues that all of the work was necessary and states that he reviewed all of the entries to ensure that there was no double billing, the Court has reviewed the billing records and finds that 35% reduction is appropriate. *Callari*, 2020 WL 2771008, at *14 (collecting cases)(*Siegel v. Bloomberg L.P.,* No. 13-CV-1351, 2016 WL 1211849, at *13 (S.D.N.Y. Mar. 22, 2016)("courts routinely apply percentage reductions to requested attorneys' fees based on the performance of inefficient, duplicative, or unnecessary work."); *Dominguez v. 322 Rest. Corp.*, 14-CV-3643, 2019 WL 2053995, at *4 (S.D.N.Y. May 9, 2019) (applying 30% reduction to attorneys' fees in FLSA action for variety of concerns regarding time entries); *Pocius v. Sec. Auto Sales Inc.*, No. 16-CV-400 (JFB)(SIL), 2018 WL 3999649, at *6 (E.D.N.Y. July 6, 2018), report and recommendation adopted, No. 16-CV-0400 (JFB)(SIL), 2018 WL 3998965

5

(E.D.N.Y. Aug. 20, 2018) (reducing attorneys' fees by 30% in FLSA action for excessive time entries); *Bond v. Welpak Corp.*, No. 15 CV 2403 JBW SMG, 2017 WL 4325819, at * 8 (E.D.N.Y. Sept. 26, 2017)(reducing attorneys' fees by 35% in FLSA action for a variety of concerns regarding time entries); *Kim v. 511 E. 5th St., LLC*, 12 CIV. 8096, 2016 WL 6833928, at *7 (S.D.N.Y. Nov. 7, 2016) (reducing by 40% attorneys' fees requested based on various deficiencies); *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, 14-CV10234, 2016 WL 4704917, at *21 (S.D.N.Y. Sept. 8, 2016), report and recommendation adopted by 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) (disallowing plaintiff's attorneys' fees for drafting and filing the Complaint and reducing the remaining fees sought by 80%); *Agudelo v. E & D LLC*, 12 CV 960, 2013 WL 1401887, at *3 (S.D.N.Y. Apr. 4, 2013) (finding the number of hours billed excessive and reducing attorneys' fees by 50%).  Accordingly, the undersigned recommends that attorneys' fees be awarded in the amount of $35,119.50.  The undersigned also finds that the costs requested were reasonable and recommends that the plaintiff be awarded $1,777.10 in costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        February 25, 2021                                      S/
                                                    ARLENE R. LINDSAY
                                                    United States Magistrate Judge