FILED
CLERK
3/30/2021 11:58 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LUIS GARCIA, on behalf of himself
and others similarly situated,

                          Plaintiff,

       -against-

SBKU SERVICES INC., doing business as
Kumo Sushi & Steakhouse, TONY LAM,
BOBBY LAM and JANE DOE,

                        Defendants.
---------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
17-CV-03130 (JMA) (ARL)

**AZRACK, United States District Judge:**

      Plaintiff Luis Garcia ("Plaintiff"), commenced this putative collective action against defendants, SBKU Services Inc., Tony Lam, and Bobby Lam (collectively, "Defendants"), on May 24, 2017, alleging that Defendants failed to pay him and other potential class members proper minimum wages and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York Labor Law §§ 190 et seq. ("NYLL"). On February 28, 2020, the parties filed a settlement agreement, and stipulation of partial dismissal for review and approval by the Court. (ECF No. 43.) On March 26, 2021, the Court approved the parties' proposed settlement. (ECF No. 57.)

      On March 21, 2020, Plaintiff filed a motion for an award of attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b), and the NYLL, §§ 198(1-a) and 663(1). Plaintiff requested attorneys' fees in the amount of $54,030.00 for 159.1 hours of work and costs in the amount of $1,777.10. (ECF No. 46.) Defendants filed an opposition to Plaintiff's motion for attorneys' fees arguing that Plaintiff's counsel should be awarded no more than $6,000.00 for 15 hours of work. (ECF No. 49.) Plaintiff filed a reply in support of his motion that requested additional attorneys' fees in the amount of $3,760.00 for 9.4 hours of work related to the reply

1

brief in support of the motion for attorneys' fees for a total of $57,790.00. (ECF Nos. 51, 51-1.) On December 11, 2020, the Court referred the motion for attorneys' fees to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R"). (Electronic Order, 12/11/2020.) Judge Lindsay issued an R&R dated February 25, 2021, which recommends that Plaintiff be awarded $35,119.50 in attorneys' fees and $1,777.10 in costs. Judge Lindsay found that a 35% reduction of the original amount of attorneys' fees requested ($54,030.00) was appropriate. (ECF No. 54.) Plaintiff filed a timely objection to the R&R, to which Defendants filed a response in opposition. (ECF Nos. 55, 56.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Judge Lindsay's R&R granting attorneys' fees and costs and applying a 35% across-the-board reduction, but modifies the amount of attorneys' fees to include the 9.4 hours of work related to the reply brief for the motion for attorneys' fees.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Judge Lindsay's R&R to which there are no specific objections. In particular, Judge Lindsay recommended granting $1,777.10 in costs. Applying clear error review, the Court adopts Judge Lindsay's recommendation regarding costs.

2

I next address the portions of the R&R to which Plaintiff has objected. For Plaintiff's objections, I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. For the reasons stated below, the Court denies those objections, with one minor exception. Specifically, the Court finds that the 35% reduction should be applied to the total amount of attorneys' fees requested by Plaintiff, including the requested fees for time spent on reply brief.

In his objections, Plaintiff argues that the Court should not have applied an across-the-board percentage reduction and instead should have reviewed each disputed billing entry and reduced the entries individually. (ECF No. 55.) Plaintiff also asserts that other cases which applied 35% reduction are distinguishable from the instant case. (ECF No. 55.)

The Court agrees with Judge Lindsay that a 35% reduction was appropriate. First, as Judge Lindsay notes, Plaintiff filed a first motion for conditional certification as a collective action that the Court denied as premature. (ECF Nos. 13, 21.) Second, "courts routinely apply percentage reductions to requested attorneys' fees based on the performance of inefficient, duplicative, or unnecessary work." Siegel v. Bloomberg L.P., No. 13-CV-1351, 2016 WL 1211849, at *13 (S.D.N.Y. Mar. 22, 2016); see also Dominguez v. 322 Rest. Corp., 14-CV-3643, 2019 WL 2053995, at *4 (S.D.N.Y. May 9, 2019) (applying 30% reduction to attorneys' fees in FLSA action for variety of concerns regarding time entries); Sanchez v. DPC New York Inc., 381 F. Supp. 3d 245, 251 (S.D.N.Y. 2019) (internal quotations and alterations omitted) ("If the number of hours recorded by counsel is disproportionate to the work performed, the Court should reduce the stated hours in making its fee award . . . The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). As Judge

3

Lindsay noted, the entire discovery process consisted of two remote depositions that lasted two hours and the exchange of eight pieces of paper; there were no in-person conferences; and Plaintiff was only employed by Defendants as a busboy for six months. (ECF No. 54 at 5.) Additionally, Judge Lindsay points to specific time entries that support the reduction. (Id. at 5.)

In his objection, Plaintiff next contests Judge Lindsay's denial of attorney's fees in connection with filing the reply brief in support of the motion for attorney's fees. In FLSA cases, attorneys are permitted to recover such fees. See Jimenez v. KLB Foods, Inc., No. 12-CV-6796, 2015 WL 3947273, at *4 (S.D.N.Y. June 29, 2015) (FLSA case where court found that "counsel also spent additional time in drafting the motion for attorney's fees . . . [c]ourts in this district have permitted such 'fees on fees.'"); De Los Santos v. Just Wood Furniture, Inc., No. 05-CV-9369, 2010 WL 445886, at *4 (S.D.N.Y. Feb. 2, 2010) (FLSA case finding "[t]he Court will also not reduce the requested fees for time spent by plaintiff on this instant application for fees. Such 'fees on fees' are allowed where a statute authorizes a successful plaintiff to recover attorney's fees.") Consequently, the Court agrees with Plaintiff that he is entitled to attorney's fees for preparing the reply brief—subject to the 35% reduction detailed above.

Based on the foregoing, the Court adopts Judge Lindsay's R&R as the opinion of this Court with the minor modification that the 35% reduction applies to the total amount of attorneys' fees requested ($57,790.00), including the $3,760.00 attributable to the reply brief on the fees motion. Accordingly, Plaintiff's motion for attorneys' fees and costs is granted, in part, and denied, in part, and Plaintiff is awarded $37,563.50 in fees and $1,777.10 in costs for a total of $39,340.60.

The Clerk of Court is directed judgment accordingly and to close this case.

**SO ORDERED.**

Dated: March 30, 2021
  Central Islip, New York

/s/  (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE